Filed 5/23/24  In re Baby Girl H.G. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Baby Girl H.G., a Person Coming Under the Juvenile Court Law. | B330618<br><br>(Los Angeles County Super. Ct. No. 23CCJP00686A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>H.G.,<br><br>     Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Charles Q. Clay, Judge.  Dismissed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

───────────────

Appellant H.G. (mother) appeals from juvenile court jurisdictional findings and disposition orders asserting dependency jurisdiction over minor Baby Girl H.G.  We dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2023, the Los Angeles County Department of Children and Family Services (DCFS) received a referral alleging mother was incapable of caring for newborn Baby Girl H.G.  Mother had arrived at the hospital in labor and, despite medical professionals indicating that her life and the baby's life were in danger because labor was not progressing, mother refused an emergency cesarean section.  Medical professionals determined mother lacked capacity, conducted an emergency cesarean section, and placed mother on a psychiatric hold.

A psychiatric evaluation concluded mother was exhibiting delusional behavior, was evasive, and her underlying psychiatric issues were interfering with her ability to receive care she needed and to make sure the minor was safe.  DCFS requested an expedited removal order.  The juvenile court authorized the removal of the minor from mother and A.B., the presumed father.[1]

DCFS subsequently filed a petition alleging, in three separate counts, (1) mother had a history of mental illness,

─────────────────

[1]    A.B. is not a party to this appeal.

(2) A.B. was unwilling or unable to care for the child, and (3) A.B. had a history of substance abuse.  The petition further alleged this history and conduct endangered the minor's physical health and safety and put her at risk of serious physical harm and damage.

At the May 2023 jurisdiction and disposition hearing, mother argued the petition's allegations related to her were unsubstantiated and should be dismissed.  Mother argued in the alternative that the court should strike language alleging she had a history of " 'paranoia, delusional thinking and psychotic behaviors' "; that she failed to take prescribed psychotropic medications; and that she had on " 'previous occasions' " been subject to involuntary psychiatric hospitalizations.  Mother further requested that the court amend the count to indicate that her mental and emotional problems rendered her only " 'temporarily' " incapable of providing regular care for the child.

The court struck the language regarding mother's failure to take psychotropic medication, but otherwise rejected mother's request.  It sustained the amended count, as well as the two counts related to father.  The court declared the minor a dependent of the court, removed her from both parents, and ordered her suitably placed.

Mother timely appealed.[2]

---

[2]     We deny DCFS's request for judicial notice of court records reflecting the current status of the underlying action.  We review the correctness of a judgment as of the time it is rendered, based on the record before the trial court.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  While we may in limited circumstances take judicial notice of court records to determine whether we "can or should proceed to the merits" (*In re N.S.* (2016) 245 Cal.App.4th

3

Mother's sole argument on appeal is that substantial evidence did not support the allegations she asked the court to strike, which were included in one of three counts in the sustained petition. We conclude mother has not raised a justiciable issue, and therefore we dismiss the appeal.

"It is a fundamental principle of appellate practice that an appeal will not be entertained unless it presents a justiciable issue." (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1489 (*I.A.*).) "An important requirement for justiciability is the availability of 'effective' relief—that is, the prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status." (*Id.* at p. 1290.)

It is further well established that " '[w]hen a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.' [Citation.]" (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

In addition to finding true the language mother challenges on appeal, the juvenile court also found true that mother had "a history of mental and emotional problems," she was hospitalized in February 2023 based on her psychiatric condition, she was incapable of "providing regular care" for the minor, and her

---

53, 57), DCFS offers no such justification for the records it asks us to judicially notice.

4

overall "mental and emotional condition" endangered the minor's physical health and safety and put her at risk of serious physical harm and damage. The court additionally concluded father's conduct placed the minor at substantial risk of suffering serious physical harm. Thus, even if mother were to prevail on her arguments on appeal, we would not conclude the juvenile court lacked jurisdiction, nor would we take any other action that could affect mother. (*In re D.P.* (2023) 14 Cal.5th 266, 283–284 (*D.P.*); *I.A.*, *supra*, 201 Cal.App.4th at pp. 1491–1492.)

While mother asserts her proposed amendments would have a tangible impact on the family, she fails to identify any such effects. (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].) Striking the particular jurisdictional allegations as mother requests "would have neither legal nor practical consequence," and therefore would not grant mother effective relief. (*I.A.*, *supra*, 201 Cal.App.4th at p. 1493.)

Mother asks us to exercise our discretion to reach the merits of her arguments. We have discretion to do so when the juvenile court's jurisdictional findings might impact current or future dependency proceedings, or could have other consequences for appellant beyond jurisdiction. (*In re M.W.* (2015) 238 Cal.App.4th 1444, 1452.) Mother contends the allegations she challenges will be "recited as true in any future dependency matters," and therefore she "will have to disprove" them sometime in the future.

However, mother fails to demonstrate how the potential impact to her in any future proceedings would be ameliorated by a reversal of the challenged factual allegations, while similar allegations regarding mother's mental and emotional problems,

5

involuntary hospitalization in February 2023, and resulting risk to the minor would remain, establishing a valid basis for dependency jurisdiction. Further, contrary to mother's suggestion, findings in dependency matters "require evidence of present detriment, based on the then prevailing circumstances of parent and child." (*I.A.*, *supra*, 201 Cal.App.4th at p. 1495.) Even if a court in a future proceeding considered the challenged individual findings as true, it would be obligated to independently assess then existing circumstances to evaluate risk of harm to the minor.

Mother has not suggested a specific practical, tangible impact the challenged language in the petition could have on her or her legal status. Nor has she demonstrated that the challenged language is based on particularly stigmatizing conduct, different from the jurisdictional findings she does not challenge. We therefore decline to exercise our discretion to reach the merits of her arguments. (*I.A.*, *supra*, 201 Cal.App.4th at p. 1493; see *D.P.*, *supra*, 14 Cal.5th at p. 278 [speculative harm insufficient].)

6

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.